# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES, LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED and TECHTRONIC INDUSTRIES CO. LTD.<br><br>Plaintiffs,<br><br>v.<br><br>POSITEC TOOL CORPORATION and POSITEC USA, INC.,<br><br>Defendants. | CASE NO_____<br><br>PATENT CASE<br><br>JURY DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Milwaukee Electric Tool Corporation, Metco Battery Technologies, LLC, AC (Macao Commercial Offshore) Limited, and Techtronic Industries Co. Ltd. (collectively "Plaintiffs"), for their Complaint against the Defendants, Positec Tool Corporation, and Positec USA, Inc., (collectively "Defendants"), allege as follows:

## THE PARTIES

1. Plaintiff Milwaukee Electric Tool Corporation ("Milwaukee Tool") is a Delaware corporation with its principal place of business located at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

2. Plaintiff Metco Battery Technologies, LLC ("MBT") is a Delaware company with its principal place of business located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.      Plaintiff AC (Macao Commercial Offshore) Limited ("TTi Macao") is a Macao corporation with its principal place of business located at Avenida da Praia Grande, n. 429 - Centro Comercial da Praia Grande, 26. andar "D."

4.      Plaintiff Techtronic Industries Co. Ltd. ("TTi Hong Kong") is a Hong Kong corporation with its principal place of business located at 24/F CDW Building, 388 Castle Peak Road, Tsuen Wan, New Territories, Hong Kong.

5.      Upon information and belief, Defendant Positec Tool Corporation is a North Carolina company having its principal place of business at 10130 Perimeter Parkway, Suite 300, Charlotte, NC 28216-2463.

6.      Upon information and belief, Defendant Positec USA, Inc. is a North Carolina company having its principal place of business at 10130 Perimeter Parkway, Suite 300, Charlotte, NC 28216-2463.

7.      Upon information and belief, Defendants individually or collectively manufacture, import into the United States, offer for sale, or sell products under at least the following brand names: Rockwell and PerforMax, including, without limitation, the products further identified herein.

## NATURE, JURISDICTION AND VENUE

8.      This is an action for patent infringement founded upon the patent laws of the United States, 35 U.S.C § 100 *et seq.*, including, without limitation, 35 U.S.C. § 271.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

11. Upon information and belief, Defendants regularly and systematically transact business in the State of Wisconsin and in this District by, among other things, the sale and offer for sale of products at distribution and retail locations throughout the District, including, without limitation, products sold under the Rockwell brand at Sears stores in the District.

## THE PATENTS IN SUIT

12. On June 30, 2009, United States Patent No. 7,554,290 (the " '290 patent") was duly and properly issued to Todd W. Johnson et al., for an invention entitled "Lithium-Based Battery Pack for a Hand-Held Power Tool."

13. Milwaukee Tool, TTi Macao, and TTi Hong Kong are the owners by assignment of the '290 patent.

14. MBT has a license to certain exclusive rights under the '290 patent.

15. Together Plaintiffs possess all rights necessary to bring this suit for infringement of the '290 patent.

16. The '290 patent was the subject of *inter partes* reexamination proceeding No. 95/001,848 before the United Stated Patent and Trademark Office ("PTO"). That proceeding completed with the issuance of a reexamination certificate, confirming the patentability of all claims of the '290 patent without modification.

17. On May 17, 2011, United States Patent No. 7,944,173 (the " '173 patent") was duly and properly issued to Todd W. Johnson et al., for an invention entitled "Lithium-Based Battery Pack for a High Current Draw, Hand Held Power Tool."

18. Milwaukee Tool, TTi Macao, and TTi Hong Kong are the owners by assignment of the '173 patent.

19. MBT has a license to certain exclusive rights under the '173 patent.

20. Together Plaintiffs possess all rights necessary to bring this suit for infringement of the '173 patent.

21. The '173 patent was the subject of *inter partes* reexamination proceeding No. 95/001,847 before the PTO. An Action Closing Prosecution was issued in that proceeding rejecting all proposed grounds for invalidity. The proceeding will therefore shortly end with the issuance of a reexamination certificate, confirming the patentability of all claims of the '173 patent without modification.

22. On August 16, 2011, United States Patent No. 7,999,510 (the " '510 patent") was duly and properly issued to Todd W. Johnson et al., for an invention entitled "Method and System of Charging Multi-Cell Lithium-Based Batteries."

23. Milwaukee Tool, TTi Macao, and TTi Hong Kong are the owners by assignment of the '510 patent.

24. MBT has a license to certain exclusive rights under the '510 patent.

25. Together Plaintiffs possess all rights necessary to bring this suit for infringement of the '510 patent.

26. The '510 patent was the subject of *inter partes* reexamination proceeding No. 95/001,846 before the PTO. That proceeding completed with the issuance of a reexamination certificate, confirming the patentability of all claims of the '510 patent without modification.

27. On January 16, 2007, United States Patent No. 7,164,257 (the " '257 patent") was duly and properly issued to Todd W. Johnson et al., for an invention entitled

"Method and System for Protection of a Lithium-Based Multicell Battery Pack Including a Heat Sink."

28. Milwaukee Tool, TTi Macao, and TTi Hong Kong are the owners by assignment of the '257 patent.

29. MBT has a license to certain exclusive rights under the '257 patent.

30. Together Plaintiffs possess all rights necessary to bring this suit for infringement of the '257 patent.

31. The '257 patent was the subject of *ex parte* reexamination proceeding No. 90/012,039 before the PTO. That proceeding completed with the issuance of a reexamination certificate, confirming the patentability of all claims of the '257 patent as amended during the proceeding, and adding additional claims 14-21.

32. On March 24, 2009, United States Patent No. 7,508,167 (the " '167 patent") was duly and properly issued to Gary D. Meyer et al., for an invention entitled "Method and System for Charging Multi-Cell Lithium-Based Batteries."

33. Milwaukee Tool, TTi Macao, and TTi Hong Kong are the owners by assignment of the '167 patent.

34. MBT has a license to certain exclusive rights under the '167 patent.

35. Together Plaintiffs possess all rights necessary to bring this suit for infringement of the '167 patent.

36. The '167 patent was the subject of *ex parte* reexamination proceeding No. 90/012,038 before the PTO. That proceeding completed with the issuance of a reexamination certificate, confirming the patentability of all original claims of the '167 patent without modification and adding additional claims 19-35.

## BACKGROUND FACTS

37. Collectively the '290 patent, '173 patent, '510 patent, '257 patent, and '167 patent (hereafter, when used collectively, the "Patents-In-Suit") cover aspects of Milwaukee Tool's pioneering inventions in the area of Lithium-Ion ("Li-Ion") powered handheld cordless power tools and associated technologies related to controlling and charging battery packs for such tools.

38. Prior to Milwaukee Tool's introduction of the first Li-Ion powered handheld cordless power tool in January 2005, most handheld cordless power tools were powered by battery packs utilizing Nickel-Cadmium ("NiCad") batteries.

39. By the late 1990's, NiCad batteries had plateaued in potential performance.

40. Even at their plateau, NiCad batteries could not successfully provide power equivalent to a corded, line-voltage power tool in a format for handheld cordless power tools because NiCad batteries of sufficient power were too heavy and bulky to be commercially viable.

41. Prior to Milwaukee Tool's industry-changing introduction of the first Li-Ion powered tool providing line-voltage performance in a handheld cordless tool, Li-Ion chemistry was generally viewed as being unsuitable for delivering the high-power required for a cordless power tool.

42. Milwaukee Tool revolutionized the cordless handheld power tool industry in 2005 with its introduction of the V28 line of Li-Ion powered tools embodying the inventions of the Patents-In-Suit. The V28 line were the first handheld cordless power

6

Case 2:14-cv-01295-JPS   Filed 10/16/14   Page 6 of 18   Document 1

tools to perform equivalently to line-voltage corded tools while remaining as light and compact as earlier lower power cordless tools.

43. Industry press at the time of Milwaukee Tool's introduction praised the quantum leap forward represented by Milwaukee Tool's new technology. Many well-respected industry commentators recognized that Milwaukee Tool's invention was an industry first and satisfied the long-felt demand for a convenient cordless handheld tool with power equivalent to a comparable corded tool. The broad acknowledgement of Milwaukee Tool's revolutionary invention culminated with Milwaukee Tool's receipt of many industry awards for innovation, including, for example:

(a) The 2005 Editors' Choice Grand Award from *Tools of the Trade*;

(b) A 2005 <u>Handy</u> Innovation Award as one of Nine Groundbreaking New Products;

(c) The 2005 Breakthrough Award from *Popular Mechanics*;

(d) The 2005 Most Innovative Product award from *Electrical Contracting Products*;

(e) A 2006 Top 10 Innovative Tools award from *Workbench*;

(f) The Most Valuable Product award from *Building Products Magazine*;

(g) The 2006 Editors' Choice Grand Award (Co-recipient) from *Tools of the Trade*; and

(h) The 2006 Readers' Choice Award from *Woodshop News*.

44. Soon after Milwaukee Tool's introduction, Li-Ion became the *de facto* industry standard. No other technology could offer the combination of high power, light weight and compact size made possible by Milwaukee Tool's inventions.

45. Every competitor in the handheld cordless power tool industry, including Defendants, soon adopted Milwaukee Tool's inventions and transitioned, at least in part, to the use of Li-Ion powered battery packs in their handheld cordless power tools.

46. As demonstrated by Defendants' infringement of the Patents-In-Suit, handheld cordless power tools utilizing Milwaukee Tool's foundational inventions related to Li-Ion powered battery packs dominate the industry.

## COUNT I
### (INFRINGEMENT OF THE '290 PATENT)

47. Plaintiffs incorporate and re-allege as if fully set forth herein each and every allegation contained in paragraphs 1-46.

48. Defendants make, import, offer for sale, and/or sell several lines of handheld cordless power tools that utilize multi-cell Li-Ion battery packs. These products are sold in various combinations of tools, battery packs, and chargers. Among such lines of tools made, imported, offered for sale, and/or sold by Defendants are the Rockwell 16V Drill, Rockwell 12V 3-in-1 Drill/Screwdriver/Impact Driver, PerforMax 18V Hammer Drill, and PerforMax 8V Drill. Each of these products made, imported, offered for sale, and/or sold by Defendants uses multi-cell Li-Ion battery packs that can produce an average discharge current greater than or equal to approximately 20 amps. Defendants make, import, offer for sale, and/or sell these battery packs under the Rockwell and PerforMax labels, under various part numbers or designations, including but not limited to the following: RW9316, RW9300, 252-0908, and 241-1397. Defendants also make,

import, offer for sale, and/or sell these and comparable battery packs as part of various tools and kits under a variety of other designations.

49. Defendants are infringing Plaintiffs' exclusive rights in the '290 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, or selling products that embody the inventions of and are within the scope of the claims of the '290 patent, and will continue to do so unless enjoined by this Court. Such products include, but are not limited to, the battery packs identified in paragraph 48 and other comparable multi-cell Li-Ion battery packs capable of producing an average discharge current greater than or equal to approximately 20 amps as set forth in the '290 patent, whether sold alone or together with other packs, tools, and/or chargers.

50. Upon information and belief, Defendants were on notice and aware of the '290 patent prior to the filing of this Complaint and as early as June 30, 2009. Nevertheless, Defendants have continued to infringe, despite an objectively high likelihood that their actions constitute infringement of the '290 Patent. Accordingly, Defendants' infringement has been and continues to be willful.

51. At least as early as October 31, 2011, Milwaukee Tool sent correspondence to Defendants notifying them of Milwaukee Tool's patent rights in the area of Li-Ion technology. In addition, Milwaukee Tool's inventions related to Li-Ion technology in handheld cordless power tools have been the subject of extensive industry press coverage and Milwaukee Tool consistently marked its products with the applicable Patents-In-Suit.

## COUNT II
### (INFRINGEMENT OF THE '173 PATENT)

52. Plaintiffs incorporate and re-allege as if fully set forth herein each and every allegation contained in paragraphs 1-51.

53. Defendants make, import, offer for sale, and/or sell several lines of handheld cordless power tools that utilize multi-cell Li-Ion battery packs. These products are sold in various combinations of tools, battery packs, and chargers. Among such lines of tools made, imported, offered for sale, and/or sold by Defendants are the Rockwell 16V Drill, Rockwell 12V 3-in-1 Drill/Screwdriver/Impact Driver, and PerforMax 18V Hammer Drill. Each of these products made, imported, offered for sale, and/or sold by Defendants use multi-cell Li-Ion battery packs that can produce an average discharge current greater than or equal to approximately 20 amps, incorporate at least one terminal through which the battery pack discharge current flows to a corresponding terminal on the tool, and include a locking assembly to lock the pack to the tool. Defendants make, import, offer for sale, and/or sell these battery packs under at least the Rockwell and PerforMax labels, under various part numbers or designations, including but not limited to the following: RW9316, RW9300, and 252-0908. Defendants also make, import, offer for sale, and/or sell these and comparable battery packs as part of various tools and kits under a variety of other designations.

54. Defendants are infringing Plaintiffs' exclusive rights in the '173 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, or selling products that embody the inventions of and are within the scope of the claims of the '173 patent, and will continue to do so unless enjoined by this Court. Such products include, but are not limited to, the battery packs identified in paragraph 53 and other

comparable multi-cell Li-Ion battery packs capable of producing an average discharge current greater than or equal to approximately 20 amps, that incorporate at least one terminal through which the battery pack discharge current flows to a corresponding terminal on the tool, and include a locking assembly to lock the pack to the tool as set forth in the '173 patent, whether such packs are sold alone or together with other packs, tools, and/or chargers.

55. Upon information and belief, Defendants were on notice and aware of the '173 patent prior to the filing of this Complaint and as early as May 17, 2011. Nevertheless, Defendants have continued to infringe, despite an objectively high likelihood that their actions constitute infringement of the '173 Patent. Accordingly, Defendants' infringement has been and continues to be willful.

56. At least as early as October 31, 2011, Milwaukee Tool sent correspondence to Defendants notifying them of Milwaukee Tool's patent rights in the area of Li-Ion technology. In addition, Milwaukee Tool's inventions related to Li-Ion technology in handheld cordless power tools have been the subject of extensive industry press coverage and Milwaukee Tool consistently marked its products with the applicable Patents-In-Suit.

## COUNT III
### (INFRINGEMENT OF THE '510 PATENT)

57. Plaintiffs incorporate and re-allege as if fully set forth herein each and every allegation contained in paragraphs 1-56.

58. Defendants make, import, offer for sale, and/or sell several lines of handheld cordless power tools that utilize multi-cell Li-Ion battery packs. These products are sold in various combinations of tools, battery packs, and chargers. Among such lines

of tools made, imported, offered for sale, and/or sold by Defendants are the Rockwell 16V Drill, Rockwell 12V 3-in-1 Drill/Screwdriver/Impact Driver, and PerforMax 18V Hammer Drill.  Each of these products made, imported, offered for sale, and/or sold by Defendants use multi-cell Li-Ion battery packs that can produce an average discharge current greater than or equal to approximately 20 amps and have a nominal pack voltage of at least approximately between 12 and 24 volts, respectively.  Defendants make, import, offer for sale, and/or sell these battery packs under at least the Rockwell and PerforMax labels, under various part numbers or designations, including but not limited to the following: RW9316, RW9300, and 252-0908.  Defendants also make, import, offer for sale, and/or sell these and comparable battery packs as part of various tools and kits under a variety of other designations.

59. Defendants are infringing Plaintiffs' exclusive rights in the '510 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, or selling products that embody the inventions of and are within the scope of the claims of the '510 patent, and will continue to do so unless enjoined by this Court.  Such products include, but are not limited to, the battery packs identified in paragraph 58 and other comparable multi-cell Li-Ion battery packs capable of producing an average discharge current greater than or equal to approximately 20 amps, and have a nominal pack voltage of at least approximately between 12 and 24 volts, respectively as set forth in the '510 patent, whether such packs are sold alone or together with other packs, tools, and/or chargers.

60. Upon information and belief, Defendants were on notice and aware of the '510 patent prior to the filing of this Complaint and as early as August 16, 2011.

Nevertheless, Defendants have continued to infringe, despite an objectively high likelihood that their actions constitute infringement of the '510 Patent. Accordingly, Defendants' infringement has been and continues to be willful.

61. At least as early as October 31, 2011, Milwaukee Tool sent correspondence to Defendants notifying them of Milwaukee Tool's patent rights in the area of Li-Ion technology. In addition, Milwaukee Tool's inventions related to Li-Ion technology in handheld cordless power tools have been the subject of extensive industry press coverage and Milwaukee Tool consistently marked its products with the applicable Patents-In-Suit.

## COUNT IV
### (INFRINGEMENT OF THE '257 PATENT)

62. Plaintiffs incorporate and re-allege as if fully set forth herein each and every allegation contained in paragraphs 1-61.

63. Defendants make, import, offer for sale, and/or sell several lines of handheld cordless power tools that utilize multi-cell Li-Ion battery packs. These products are sold in various combinations of tools, battery packs, and chargers. Among such lines of tools made, imported, offered for sale, and/or sold by Defendants are the PerforMax 18V Hammer Drill and PerforMax 8V Drill. Each of these products made, imported, offered for sale, and/or sold by Defendants uses multi-cell, multi-terminal Li-Ion battery packs that can produce an average discharge current greater than or equal to approximately 20 amps, which packs include a control circuit capable of identifying certain characteristics of the battery packs and/or cells and controlling functions of the battery packs and/or cells. Defendants make, import, offer for sale, and/or sell these battery packs under at least the PerforMax label, under various part numbers or

designations, including but not limited to the following: 252-0908 and 241-1397. Defendants also make, import, offer for sale, and/or sell these and comparable battery packs as part of various tools and kits under a variety of other designations.

64.     Defendants are infringing Plaintiffs' exclusive rights in the '257 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, or selling products that embody the inventions of and are within the scope of the claims of the '257 patent, and will continue to do so unless enjoined by this Court. Such products include, but are not limited to, the battery packs identified in paragraph 63 and other comparable multi-cell, multi-terminal Li-Ion battery packs capable of producing an average discharge current greater than or equal to approximately 20 amps, which packs include a control circuit capable of identifying certain characteristics of the battery packs and/or cells and controlling functions of the battery packs and/or cells as set forth in the '257 patent, whether such packs are sold alone or together with other packs, tools, and/or chargers.

65.     Upon information and belief, Defendants were on notice and aware of the '257 patent prior to the filing of this Complaint and as early as January 16, 2007. Nevertheless, Defendants have continued to infringe, despite an objectively high likelihood that their actions constitute infringement of the '257 Patent. Accordingly, Defendants' infringement has been and continues to be willful.

66.     At least as early as October 31, 2011, Milwaukee Tool sent correspondence to Defendants notifying them of Milwaukee Tool's patent rights in the area of Li-Ion technology. In addition, Milwaukee Tool's inventions related to Li-Ion technology in handheld cordless power tools have been the subject of extensive industry

press coverage and Milwaukee Tool consistently marked its products with the applicable Patents-In-Suit.

## COUNT V
### (INFRINGEMENT OF THE '167 PATENT)

67. Plaintiffs incorporate and re-allege as if fully set forth herein each and every allegation contained in paragraphs 1-66.

68. Defendants make, import, offer for sale, and/or sell several lines of handheld cordless power tools that utilize multi-cell Li-Ion battery packs. These products are sold in various combinations of tools, battery packs, and chargers. Among such lines of tools made, imported, offered for sale, and/or sold by Defendants are the PerforMax 18V Hammer Drill. Each of these products made, imported, offered for sale, and/or sold by Defendants uses multi-cell Li-Ion battery packs. Defendants make, import, offer for sale, and/or sell these battery packs under at least the PerforMax label, under various part numbers or designations, including but not limited to the following: 252-0908. Defendants also make, import, offer for sale, and/or sell these and comparable battery packs as part of various tools and kits under a variety of other designations.

69. As part of the product lines described in paragraph 68, Defendants also make, import, offer for sale, and/or sell various battery chargers for charging its Li-Ion battery packs, which chargers include a controller and are capable of monitoring the state of charge of individual cells in the battery packs and charging the battery packs based, at least in part, on the state of charge of individual cells, including without limitation, chargers sold and offered for sale under the following designations: 252-0912, together with these and comparable chargers sold or offered for sale together with various tools and packs or as part of various kits under a variety of other designations.

70. Defendants are infringing Plaintiffs' exclusive rights in the '167 patent in violation of 35 U.S.C. § 271 by manufacturing, importing, using, offering for sale, or selling products that embody the inventions of and are within the scope of the claims of the '167 patent, and will continue to do so unless enjoined by this Court. Such products include, but are not limited to, the battery chargers identified in paragraph 69 and other comparable chargers for charging Li-Ion battery packs, which chargers include a controller and are capable of monitoring the state of charge of individual cells in the battery packs and charging the battery packs based, at least in part, on the state of charge of individual cells as set forth in the '257 patent, whether such chargers are sold alone or together with other packs, tools, and/or chargers.

71. Upon information and belief, Defendants were on notice and aware of the '167 patent prior to the filing of this Complaint and as early as March 24, 2009. Nevertheless, Defendants have continued to infringe, despite an objectively high likelihood that their actions constitute infringement of the '167 Patent. Accordingly, Defendants' infringement has been and continues to be willful.

72. At least as early as October 31, 2011, Milwaukee Tool sent correspondence to Defendants notifying them of Milwaukee Tool's patent rights in the area of Li-Ion technology. In addition, Milwaukee Tool's inventions related to Li-Ion technology in handheld cordless power tools have been the subject of extensive industry press coverage and Milwaukee Tool consistently marked its products with the applicable Patents-In-Suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendants, jointly and severally, as follows:

A. Finding that Defendants have infringed, respectively, each of the '290 patent, the '173 patent, the '510 patent, the '257 patent, and the '167 patent;

B. Awarding damages to Plaintiffs under 35 U.S.C. § 284, along with interest and costs for Defendants' infringement, respectively, of each of the '290 patent, the '173 patent, the '510 patent, the '257 patent, and the '167 patent;

C. Finding that this case is an exceptional case under 35 U.S.C. § 285, and awarding Plaintiffs their attorneys' fees and costs;

D. Finding that Defendants' infringement was willful, and trebling any damages found or assessed;

E. Entering a permanent injunction under 35 U.S.C. § 283 enjoining each of Defendants, their officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with any of them, from manufacturing, making, selling, offering for sale, importing, or using the infringing products identified herein or any comparable product that infringes any of the '290 patent, the '173 patent, the '510 patent, the '257 patent, or the '167 patent; and

F. Awarding to Plaintiffs such other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all matters and issues triable by a jury.

Dated: October 16, 2014

Respectfully submitted,

s/Scott W. Hansen

Scott W. Hansen
Wisconsin Bar No. 1017206
Paul Stockhausen
Wisconsin Bar No. 1034225
Jessica H. Polakowski
Wisconsin Bar No. 1061368
Reinhart Boerner Van Deuren, S.C.
1000 N. Water Street, Suite 1700
Milwaukee, WI 53202
Phone: (414) 298-1000
Fax: (414) 298-8097

Jason C. White
Illinois Bar No. 6238352
jwhite@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601
Phone: (312) 324-1775
Fax: (312) 324-1001

Sean C. Cunningham
California Bar No. 174931
Erin Gibson
California Bar No. 229305
Tiffany Miller
California Bar No. 246987
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Phone: (619) 699-2700
Fax: (619) 699-2701

*Attorneys for Plaintiffs Milwaukee Electric Tool Corporation; Metco Battery Technologies, LLC; AC (Macao Commercial Offshore) Limited; and Techtronic Industries Co. Ltd.*

19600994