# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HILTI, INC., <br><br> Defendant. | Case No. 14-CV-1288-JPS |
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CHERVON NORTH AMERICA, INC. <br><br> Defendant. | Case No. 14-CV-1289-JPS |
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> POSITEC TOOL CORPORATION and POSITEC USA, INC., <br><br> Defendants. | Case No. 14-CV-1295-JPS |

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>SNAP-ON INCORPORATED,<br><br>Defendant. | Case No. 14-CV-1296-JPS<br><br><br><br><br><br>**ORDER** |

In each of these four related patent cases, two motions have arisen that can be addressed collectively. The first is Plaintiffs' motion to seal and replace certain documents that were publicly filed on the Court's docket. The second is Defendants' motion for an order setting trial dates for each of the four cases. For the reasons stated below, Plaintiffs' motion will be granted and Defendants' motion will be denied.

**1.     Plaintiffs' Motion to Restrict Documents**

Plaintiffs ask the Court to seal certain of their public filings in each of the four cases. (Docket #119).[1] These documents are, according to Plaintiffs, properly designated as confidential under the protective order because they contain sensitive business or technical information relating to research and development. However, they were not filed under seal and do not bear the proper confidentiality designation. Plaintiffs attribute this to inadvertence.

---

[1] The case involving Defendant Snap-On Incorporated, 14-CV-1296, contains all of the documents that are at issue in any of these cases. *See* (Docket #125 at 2–3). The others contain only a subset of the relevant documents. Accordingly, as the parties have done, the Court will refer to the docket in the Snap-On case for purposes of this portion of the Order.

Federal Rule of Civil Procedure 26(c)(1)(G) authorizes a court, "for good cause," to enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also* Gen. L. R. 79(d)(3). However, filing documents under seal conflicts with the general rule that litigation in federal courts is open to the public. *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009); *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). As such, a party seeking to seal a document—prospectively or retroactively—must carry the heavy burden of showing that the document contains information listed in Rule 26(c)(1)(G) and what specific harm will result from public disclosure of the information. *Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir.2002); *see also In re Violation of Rule 28(D)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011) ("Rule 26(c)(1)(G) is limited to commercial information that has. . .genuine competitive or commercial significance."). Mere desire that certain information not be made public, or vague assertions of potential harm, are not sufficient. *Union Oil Co.*, 220 F.3d at 567; *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *Chicago Mercantile Exch., Inc. v. Tech. Research Group, LLC*, 276 F.R.D. 237, 241 (N.D. Ill. 2011).

The documents Plaintiffs want sealed fall into several categories. *See* (Docket #121) (declaration of counsel with each relevant document attached). First are documents that Plaintiffs produced without a confidentiality designation and subsequently filed on the public docket. Next are a series of documents that Defendants received from a third party without any confidentiality designation and then filed on the public docket. Lastly, there is a portion of a deposition transcript of an employee of Plaintiff Milwaukee

Electric Tool Corporation, Jeffrey Zeiler. All of these documents have been publicly available since no later than September 2015.

Defendants resist Plaintiffs' request to seal these documents, arguing that the request comes far too late and is actually a ploy to remove from the public record certain information which they believe is damaging to Plaintiffs' claims. (Docket #125 at 7–10). They also assert that the documents, to the extent they contain any technical information, concern only first-generation lithium-ion batteries, which are not at issue in these suits. *Id.* at 9–10. Plaintiffs reply that the documents comprise meeting notes, correspondence, and testimony about its past research and development efforts and, as such, they easily fall within the protections of the protective order and Rule 26(c)(1)(G). (Docket #129 at 4–5). Plaintiffs further contend that some of the documents are covered by confidentiality agreements with third parties. *Id.* at 8–12.

The Court, having reviewed the parties' submissions and each document in question, finds that Plaintiffs have met their burden to show that the documents concern non-public past research and development efforts. Moreover, Plaintiffs have established that disclosure of such information would place them at a competitive disadvantage in the marketplace and would be inconsistent with their obligations under third-party confidentiality agreements. *See Wis. Alumni Research Found. v. Apple, Inc.*, No. 14–cv–062–wmc, 2015 WL 6453837, at *2 (W.D. Wis. Oct. 26, 2015) (granting motion to seal documents containing product development correspondence); *In re Praxada (Dabigatran Etexilate) Prods. Liab. Lit.*, MDL No. 2385, 2014 WL 1715206, at *2 (S.D. Ill. Apr. 30, 2014) (denying motion to de-designate documents containing non-public research and development information and information covered by confidentiality agreements with third parties); *In re*

*Yazmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Lit.*, MDL No. 2100, 2011 WL 5507057, at *4 (S.D. Ill. Nov. 10, 2011) (denying de-designation of documents containing non-public research). Despite public disclosure of certain aspects of Plaintiffs' research efforts, their internal communications on the matter are not thereby automatically made public. *See Lynk Labs, Inc. v. Juno Lighting LLC*, No. 15 C 4833, 2016 WL 6135711, at *3 (N.D. Ill. Oct. 21, 2016). As such, good cause exists for retroactively sealing these documents.

Notably, Defendants' opposition does not meaningfully address why the documents do not contain information contemplated by Rule 26(c)(1)(G); instead, Defendants allege only that Plaintiffs are trying to conceal unfavorable information. But whether the information at issue militates against Plaintiffs' claims bears no relation to the propriety of sealing it. To the extent that Defendants desire to use this information against Plaintiffs, they are at liberty to do so. All that this Order requires is that the documents be sealed from the public. *See Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300 (N.D. Ill. 1993) (once good cause shown, burden shifts to opposing party to show why information should not be sealed).

More persuasive is Defendants' argument that Plaintiffs have waited too long to rectify their filing errors. Yet considering Plaintiffs' present efforts to correct those errors, their unchallenged assertion that their oversight was accidental, and the lack of prejudice to Defendants, the Court finds that the delay alone is not sufficient to warrant denial of the motions. Rather,

considering the documents at issue and the applicable legal principles, the Court finds that the motions to restrict should be granted.[2]

The docket entries Plaintiffs identified in each of the four cases will be sealed. However, the Court cannot grant Plaintiffs' request to replace those docket entries with documents that bear the proper confidentiality designation. *See* (Docket #119 at 1). While the Court appreciates Plaintiffs' interest in ensuring that every extant copy of these documents bears the correct confidentiality stamp, it is not the policy of the Court to alter documents once filed. The most relief it will give is to seal the identified entries, and it leaves to Plaintiffs the task of policing confidentiality designations in future filings.

**2.      Defendants' Motion for Trial Dates**

In Defendants' motion, they seek guidance from the Court as to the exact trial dates for each of these four cases. In its trial scheduling order, the Court set trial in all four cases to begin on October 16, 2017. The parties agree that they cannot try the four cases jointly, because a special provision of the Patent Act prevents consolidation of trials against competitors. *See* 35 U.S.C. § 299(a). In order to promote early scheduling and availability of witnesses and counsel, most of whom are from out of town, Defendants propose that the Court presently set a schedule for these trials, allowing two weeks per

---

[2]In anticipation of the parties' future filings relating to claim construction and summary judgment, this Court echoes the caution expressed in other branches of the Court that careful attention and great caution should precede a decision to file a document under seal; otherwise, tangential matters of sealing occupy the Court's limited resources, distract from the merits of the cases, and work an injustice to the public's right to know what goes on in the courts they pay for. *See Formax, Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-298, 2014 WL 792086, at *1–2 (E.D. Wis. Feb. 25, 2014); *Healthwerks, Inc. v. Howmedica Osteonics Corp.*, Case No. 14-cv-93-PP, 2016 WL 398300, at *3–6 (E.D. Wis. Feb. 1, 2016).

trial. Defendants propose the following schedule: (1) trial in Case No. 14-CV-1289, involving Defendant Chervon North America, Inc., to begin October 16, 2017; (2) trial in Case No. 14-CV-1288, involving Defendant Hilti, Inc., to begin October 30, 2017; (3) trial in Case No. 14-CV-1295, involving Defendants Positec Tool Corporation and Positec USA, Inc., to begin November 13, 2017, with a break for the Thanksgiving holiday; and (4) trial in Case No. 14-CV-1296, involving Defendant Snap-On Incorporated, to begin December 4, 2017.

Plaintiffs oppose Defendants' request as premature. They contend that there are too many other matters left open at this time to warrant setting firm trial dates. These include the possibility of narrowing issues through summary judgment or claim construction, which might obviate the need for trial or reduce the length of time needed for each trial, and the possibility that one or more of the cases may settle. In Plaintiffs' view, it will be of no use to set trial dates now only to have them almost certainly change as the time for trial gets closer. Additionally, to the extent a schedule is set, Plaintiffs think a break between the first and second trials is appropriate so that the parties can re-evaluate their positions based on the result in the first case. Plaintiffs also assert that the cases should be tried in their number order, not with the Chervon case first as Defendants propose.

The Court will provide the following guidance. First, the Court is in agreement with Plaintiffs that because of the remaining pretrial matters in these cases, there is significant opportunity for narrowing the issues to be tried or eliminating the need for a trial entirely. Thus, the time is not ripe to set specific trial dates. Nevertheless, the Court will note that should these cases require a trial, in the absence of agreement otherwise by all relevant parties, they will be tried in the order in which they were filed. Further, the

Court is of the view that because of its rigorous trial schedule—which begins promptly at 8:30 each morning and does not conclude before 5:30 p.m. each afternoon—these cases will not require two weeks each to be tried. The Court believes that approximately four days per case will suffice, though that is a flexible projection at this stage in the litigation.

Accordingly,

**IT IS ORDERED** that the following motions by Plaintiffs to restrict and replace undesignated documents be and the same are hereby **GRANTED in part**:

    14-cv-1288, Docket #90;

    14-cv-1289, Docket #139;

    14-cv-1295, Docket #110; and

    14-cv-1296, Docket #119;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall seal the following docket entries:

    14-cv-1288, Docket #68-6, #43-13, #56-23, #56-16;

    14-cv-1289, Docket #106-8, #61-13, #91-30;

    14-cv-1295, Docket #77-6, #50-13; and

    14-cv-1296, Docket #73-18, #25-13, #43-2, #43-5, #43-6, #43-7, #43-8, #43-9, #43-10, #43-11, #61-39;

**IT IS FURTHER ORDERED** that the following motions by Defendants for an order setting trial dates be and the same are hereby **DENIED without prejudice**:

    14-cv-1288, Docket #94;

    14-cv-1289, Docket #144;

    14-cv-1295, Docket #114; and

    14-cv-1296, Docket #122; and

**IT IS FURTHER ORDERED** that the following miscellaneous motions to restrict documents filed in connection with the above and other motions be and the same are hereby **GRANTED**:

14-cv-1288, Docket #99;

14-cv-1289, Docket #151, #152, #158;[3]

14-cv-1295, Docket #117; and

14-cv-1296, Docket #128.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[3] The two motions to restrict documents that are not directly related to the substantive motions addressed herein are Docket #151 and #152 in Case No. 14-CV-1289. Docket #151 is a motion to seal documents submitted in connection with Plaintiffs' motion to amend their complaint, a motion which was recently denied. (Docket #174). Docket #152 concerns the sealed filing of an unredacted copy of Plaintiffs' answer to Chervon's First Amended Answer, Affirmative Defenses, and Counterclaims. Both motions will be granted.